# EXHIBIT A



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

**AYZ / ASB**
**Transmittal Number: 10725173**
**Date Processed: 01/11/2013**

| | |
|---|---|
| **Primary Contact:** | Larry Gordon |
| | Eckert Seamans Cherin & Mellott, LLC |
| | 600 Grant Street |
| | Floor 44th |
| | Pittsburgh, PA 15219 |

| | |
|---|---|
| **Entity:** | CBS Corporation |
| | Entity ID Number  0169178 |
| **Entity Served:** | CBS Corporation, f/k/a Viacom Inc., Successor by Merger to CBS Corp., f/k/a Westinghouse Electric Corp. |
| **Title of Action:** | Richard Spells, Jr. vs. Air & Liquid Systems Corporation, a/k/a Buffalo Pumps, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Asbestos |
| **Court/Agency:** | Madison County Circuit Court, Illinois |
| **Case/Reference No:** | 12-L-1727 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 01/11/2013 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Steven M. Aroesty |
| | 618-307-4528 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

## IN THE CIRCUIT COURT
## THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

RICHARD SPELLS, JR., INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE
OF RICHARD SPELLS, ET AL.

                                        No. 12-L-1727
              Plaintiff,

       v.

AIR & LIQUID SYSTEMS CORPORATION, A/K/A BUFFALO PUMPS, INC., ET, AL.


              Defendants.

DEFENDANT:          CBS CORPORATION, A DELAWARE CORP. F/K/A
                    VIACOM INC., SUCCESSOR BY MERGER TO CBS
                    CORP., A PENNSYLVANIA CORP. F/K/A
                    WESTINGHOUSE ELECTRIC CORP.

SERVE:              c/o Corporation Services Company
                    2711 Centerville Road, Suite 400
                    Wilmington, DE  19808-


       You are summoned and required to file an answer in this case, or otherwise file your
appearance, in the office of the clerk of the Madison County Circuit Clerk, within 30 days after
service of this summons, exclusive of the day of service.  If you fail to do so, a judgment or
decree by default may be taken against you for the relief prayed in the complaint.
This summons must not be served later than 30 days after its date.

WITNESS:  MARK VON NIDA, the Clerk of the Circuit Court and the seal
thereof, at Edwardsville, Illinois, _____ December 21, 2012

MARK VON NIDA - Clerk of the Circuit Court

*Amy M. May*

Deputy Clerk            (Deputy Clerk)

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)
NAPOLI BERN RIPKA SHKOLNIK LLP
Attorneys for Plaintiff
241 North Main Street
Edwardsville, Illinois 62025
(618) 364-8176

              Date of Service: _____, 2012.
              (To be inserted by officer on the copy left with the defendant or other person)



**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

OCT 23 2012

CLERK OF CIRCUIT COURT # 83
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

RICHARD SPELLS, JR., INDIVIDUALLY
AND AS ADMINISTRATOR OF THE
ESTATE OF RICHARD SPELLS, DECEASED      ASBESTOS

        Plaintiffs,

           v.      Case No. 12-L- 1727

AIR & LIQUID SYSTEMS CORPORATION,
A/K/A BUFFALO PUMPS, INC., ET AL.

        Defendants.

## ENTRY OF APPEARANCE

COME NOW Napoli Bern Ripka Shkolnik LLP, Steven M. Aroesty as counsel for the

Plaintiffs, RICHARD SPELLS, JR., AS ADMINISTRATOR OF THE ESTATE OF RICHARD

SPELLS, AND RICHARD SPELLS, JR. INDIVIDUALLY, and enter his appearance in the

above numbered cause of action.

        Respectfully submitted,

        NAPOLI BERN RIPKA SHKOLNIK, LLP

By: _____
        Steven M. Aroesty (Bar # 6194869)
        241 North Main Street
        Edwardsville, IL 62025
        (618) 307-4528
        SAroesty@NapoliBern.com



OCT 23 2012

CLERK OF CIRCUIT COURT # 93
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

RICHARD SPELLS, JR., INDIVIDUALLY
AND AS ADMINISTRATOR OF THE
ESTATE OF RICHARD SPELLS, DECEASED          ASBESTOS

        Plaintiffs,

              v.          Case No. 12-L-

AIR & LIQUID SYSTEMS CORPORATION,
   A/K/A BUFFALO PUMPS, INC., ET AL.

        Defendants.

## AFFIDAVIT REGARDING DAMAGES SOUGHT

COMES NOW Steven Aroesty, of Napoli Bern Ripka Shkolnik LLP, pursuant to Illinois

Supreme Court Rule 222(b), and states on his oath that the damages sought in the above

captioned matter exceed $50,000.

NAPOLI BERN RIPKA SHKOLNIK, LLP

By: _____

        Steven M. Aroesty (Bar # 6194869)
        241 North Main Street
        Edwardsville, IL 62025
        (618) 307-4528
        SAroesty@NapoliBern.com

Page 1 of 1



FILED

OCT 23 2012

CLERK OF CIRCUIT COURT # 03
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

RICHARD SPELLS, JR., INDIVIDUALLY AND
AS ADMINISTRATOR OF THE ESTATE OF
RICHARD SPELLS, DECEASED          ASBESTOS

         Plaintiffs,

         v.          Case No. 12-L- 1727

AIR & LIQUID SYSTEMS CORPORATION,
   A/K/A BUFFALO PUMPS, INC., ET AL.

         Defendants.

## NOTICE OF ATTORNEY'S LIEN

     TAKE NOTICE that, pursuant to 770 ILCS 5/1, Plaintiffs' attorneys NAPOLI BERN

RIPKA SHKOLNIK, LLP, have a statutory Lien upon any and all proceeds recovered in the

above-numbered cause of action. Pursuant to Illinois law, 770 ILCS 5/1, this lien shall attach

to any verdict, judgment or order entered and to any money or property which may be

recovered, on account of such suits, claims, demands or causes of action, from and after the

time of service of this notice.

            NAPOLI BERN RIPKA SHKOLNIK, LLP

            By:
                Steven M. Aroesty (Bar # 6194869)
                241 North Main Street
                Edwardsville, IL 62025
                (618) 307-4528
                SAroesty@NapoliBern.com

Page 1 of 1

F I L E D

OCT 23 2012

CLERK OF CIRCUIT COURT # 50
THIRD JUDICIAL CIRCUIT
MADISON COUNTY ILLINOIS

## IN THE CIRCUIT COURT
## THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

RICHARD SPELLS, JR., Individually and as )
Special Administrator of the Estate of )
RICHARD SPELLS, deceased, )
                                        )
                     Plaintiff, )
                                        )      No. 12-L-_1727_
-vs.- )
                                        )
**AIR & LIQUID SYSTEMS CORPORATION,** )
**a/k/a BUFFALO PUMPS, INC., et al.,** )
                                        )
                   Defendants. )

## MOTION TO APPOINT SPECIAL ADMINISTRATOR

    COMES NOW Napoli Bern Ripka Shkolnik LLP, to suggest the death of RICHARD

SPELLS, and hereby move this Honorable Court to appoint a Special Administrator

pursuant to 735 ILCS 5/2-1008 and 740 ILCS 180/2.1 and in support thereof, state as follows:

    1. That on or about June 8, 2012, RICHARD SPELLS, died. A copy of his Death

Certificate is attached hereto as Exhibit A.

    2. That no Petition for Letters of Office for his estate has been filed and no legal

representative for her estate has been appointed.

    3. That during the course of her employment, he was exposed to and inhaled, ingested or

otherwise absorbed, large amounts of asbestos emanating from certain products she was working

with and around, and as a result developed the following asbestos-induced diseases, namely, lung

cancer ultimately leading or contributing to his death.

    4. That as a result of the decedent's exposure to the products containing asbestos, claims

pursuant to 735 ILCS 5/2-1008 and 740 ILCS 180/2.1 have arisen against the various

manufacturers of those products.

                                                Case No. 12-L-_____

5. That RICHARD SPELLS, JR., is the son of the decedent, is under no legal disability, and is qualified and willing to act as Special Administrator in the prosecution of the above claim.

6. That RICHARD SPELLS, JR. requests that he be allowed to file the Decedent's Complaint reflecting him as Special Administrator in the prosecution of the above claim.

7. That the Court enter an order giving the Special Administrator the right to obtain any and all Decedent's personal records (including but not limited to medical records) for purposes of prosecuting this and any related action.

WHEREFORE, Movant prays that this Honorable Court enter an Order appointing RONALD STRUKELY as Special Administrator of the Estate of SHEILA STRUKELY, the right to obtain medical records and bills as they pertain to the decedent and further grant Movant any and all relief as this Court deems just and equitable.

NAPOLI BERN RIPKA SHKOLNIK, LLP

Steven M. Aroesty (IL Bar No: 6194869)
Attorney for Plaintiff
241 N. Main Street
Edwardsville, IL 62025
Phone: (212) 267-3700
Saroesty@NapoliBern.com

Case No. 12-L-_____

# GEORGIA DEATH CERTIFICATE

Birth Number | State File Number **2012GA000024400**

| 1. DECEDENT'S LEGAL FULL NAME (First, Middle, Last) RICHARD EARL SPELLS | 1a. IF FEMALE, ENTER LAST NAME AT BIRTH | 2a. SEX MALE | 2a. DATE OF DEATH (Mo, Day, Year) ACTUAL DATE OF DEATH 05/08/2012 |
|---|---|---|---|

| 3. SOCIAL SECURITY NUMBER | 4a. AGE (YEARS) 77 | 4b. UNDER 1 YEAR Mos. | Days | 4c. UNDER 1 DAY Hours | Mins. | 5. DATE OF BIRTH (Mo, Day, Year) 03/23/1935 |
|---|---|---|---|---|---|---|

| 6. BIRTHPLACE GEORGIA | 7a. RESIDENCE - STATE GEORGIA | 7b. COUNTY LANIER | 7c. CITY, TOWN LAKELAND |
|---|---|---|---|

| 7d. STREET AND NUMBER 609 CROSS CREEK ROAD | 7e. ZIP CODE 31635 | 7f. INSIDE CITY LIMITS? NO | 8. ARMED FORCES? YES |
|---|---|---|---|

| 9a. USUAL OCCUPATION | 9b. KIND OF INDUSTRY OR BUSINESS |
|---|---|

| 9. MARITAL STATUS WIDOWED | 10. SPOUSE NAME SARAH E SPIKES | 11. FATHER'S FULL NAME (First, Middle, Last) C B SPELLS |
|---|---|---|

| 12. MOTHER'S MAIDEN NAME (First, Middle, Last) VERA MAE FENDER | 13a. INFORMANT'S NAME (First, Middle, Last) RICHARD E SPELLS | 13b. RELATIONSHIP TO DECEDENT SON |
|---|---|---|

| 13c. MAILING ADDRESS 609 CROSS CREEK RD, LAKELAND, GEORGIA 31635 | 14. DECEDENT'S EDUCATION HIGH SCHOOL GRADUATE OR GED COMPLETED |
|---|---|

| 15. ORIGIN OF DECEDENT (Italian, Iran, French, English, etc.) NO, NOT SPANISH/HISPANIC/LATINO | 16. DECEDENT'S RACE (White, Black, Amer, Indian, etc.) (Specify) WHITE |
|---|---|

| 17a. IF DEATH OCCURRED IN HOSPITAL INPATIENT | 17b. IF DEATH OCCURRED OTHER THAN HOSPITAL (Nursing Home, DOA, Decedent's Res, Hospice) (Specify) |
|---|---|

| 18. HOSPITAL OR OTHER INSTITUTION NAME (If not in either, give street and No.) SOUTH GA MED CTR 2501 N PATTERSON VALDOSTA, GEORGIA 31602 | 19. CITY, TOWN or LOCATION OF DEATH VALDOSTA | 20. COUNTY OF DEATH LOWNDES |
|---|---|---|

| 21. METHOD OF DISPOSITION (Specify) CREMATION | 22. PLACE OF DISPOSITION AZALEA CREMATORY VALDOSTA, GEORGIA 31602 LOWNDES | 23. DISPOSITION DATE (Mo, Day, Year) 05/11/2012 |
|---|---|---|

| 24a. EMBALMER'S NAME | 24b. EMBALMER LICENSE NO. | 25. FUNERAL HOME NAME MUSIC FUNERAL SERVICES |
|---|---|---|

| 26a. FUNERAL HOME ADDRESS VALDOSTA, GEORGIA 31602 |
|---|

| 26a. SIGNATURE OF FUNERAL DIRECTOR /S/ W G MUSIC JR | 26b. FUN. DIR. LICENSE NO. 2766 |
|---|---|

| 27. DATE PRONOUNCED DEAD (Mo, Day, Year) 05/08/2012 | 28. HOUR PRONOUNCED DEAD 22:50 MILITARY |
|---|---|

| 29a. PRONOUNCER'S NAME AYISHA EDWARDS | 29b. LICENSE NUMBER A 35423 | 29c. DATE SIGNED 05/08/2012 |
|---|---|---|

| 30. TIME OF DEATH 22:30 MILITARY | 31. WAS CASE REFERRED TO MEDICAL EXAMINER? NO |
|---|---|

| 32. Part I. Enter the chain of events-diseases, injuries, or complications that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. | Approximate interval between onset and death |
|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) A. MULTIORGAN FAILURE | UNKNOWN |
| Due to, or as a consequence of B. LUNG CANCER | |
| Due to, or as a consequence of C. | |
| Due to, or as a consequence of D. | |

| Part II. Enter significant conditions contributing to death but not related to cause given in Part I A. (If female, indicate if pregnant or birth occurred within 90 days of death.) | 33. WAS AUTOPSY PERFORMED? NO | 34. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? |
|---|---|---|

| 35. TOBACCO USE CONTRIBUTED TO DEATH UNKNOWN | 36. IF FEMALE NOT APPLICABLE | 37. ACCIDENT, SUICIDE, HOMICIDE, UNDETERMINED (Specify) NATURAL |
|---|---|---|

| 38. DATE OF INJURY (Mo, Day, Year) | 39. TIME OF INJURY | 40. PLACE OF INJURY (Home, Farm, Street, Factory, Office, Etc.) (Specify) | 41. INJURY AT WORK? (Yes or No) |
|---|---|---|---|

| 42. LOCATION OF INJURY (Street, Apartment Number, City or Town, State, Zip, County) |
|---|

| 43. DESCRIBE HOW INJURY OCCURRED | 44. IF TRANSPORTATION INJURY |
|---|---|

| 45. To the best of my knowledge death occurred at the time, date and place and due to the cause(s) stated. Medical Certifier (Name, Title, License No.) /S/ JOSE E MOREL, MD #65779 | 46. On the basis of examination and/or investigation, in my opinion death occurred at the time, date and place and due to the cause(s) stated. Medical Examiner/Coroner (Name, Title, License No.) |
|---|---|

| 45a. DATE SIGNED (Mo, Day, Year) 05/12/2012 | 45b. HOUR OF DEATH 22:50 MILITARY | 46a. DATE SIGNED (Mo, Day, Year) | 46b. HOUR OF DEATH |
|---|---|---|---|

| 47. NAME, ADDRESS, AND ZIP CODE OF PERSON COMPLETING CAUSE OF DEATH JOSE E MOREL 2521 N PATTERSON STREET, VALDOSTA, GEORGIA 31602 |
|---|

| 48. REGISTRAR (Signature) /S/ Deborah C. Adenkoji | 49. DATE FILED - REGISTRAR (Mo, Day, Year) 05/13/2012 |
|---|---|

Form 3903 (Rev. 11/2008), GEORGIA DEPARTMENT OF HUMAN RESOURCES    DO NOT FOLD THIS CERTIFICATE

THIS IS TO CERTIFY THAT THIS IS A TRUE REPRODUCTION OF THE ORIGINAL RECORD ON FILE WITH THE STATE OFFICE OF VITAL RECORDS, GEORGIA DEPARTMENT OF COMMUNITY HEALTH. THIS CERTIFIED COPY IS ISSUED UNDER THE AUTHORITY OF CHAPTER 31-10, CODE OF GEORGIA, AND 290-1-3-09 RULES AND REGULATIONS.

STATE REGISTRAR AND CUSTODIAN
GEORGIA STATE OFFICE OF VITAL RECORDS

County Custodian: Judy B Mullis
Issued by:
Date Issued: 7/11/12

Any reproduction of this document is prohibited by statute. Do not accept unless embossed with a raised seal.

VOID IF ALTERED OR COPIED

Exhibit A

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

RICHARD SPELLS, JR., Individually and as     )
Special Administrator of the Estate of       )
RICHARD SPELLS, deceased,                    )        No. 12-L- 1727
                                             )
              Plaintiff,                      )
                                             )
       -vs.-                                 )
                                             )
AIR & LIQUID SYSTEMS CORPORATION,            )
a/k/a BUFFALO PUMPS, INC.; et al.,           )
                                             )
              Defendants.                    )

FILED
OCT 2 4 2012
CLERK OF CIRCUIT COURT #8
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

<u>ORDER APPOINTING SPECIAL ADMINISTRATOR</u>

Cause coming to be heard on the Motion to Appoint RICHARD SPELLS, JR. as Special

Administrator; and the Court having considered the Motion and being fully advised in the

premises, hereby orders as follows:

That RICAHRD SPELLS, JR. is appointed as Special Administrator pursuant to 735

ILCS 5/2-1008 and 740 ILCS 180/2.1, with full powers to prosecute, compromise and /or settle

these claims.

Date: _OCT 2 4 2012_____        Enter: _____
                                          Judge Presiding



FILED

OCT 2 3 2012

CLERK OF CIRCUIT COURT # 3
THIRD JUDICIAL CIRCUIT
MADISON COUNTY ILLINOIS

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

RICHARD SPELLS, JR., INDIVIDUALLY AND
AS ADMINISTRATOR OF THE ESTATE OF
RICHARD SPELLS, DECEASED

    Plaintiffs,

        v.

AIR & LIQUID SYSTEMS CORPORATION,
  A/K/A BUFFALO PUMPS, INC.;
AMPCO-PITTSBURGH CORPORATION;
BW/IP INTERNATIONAL (INDIVIDUALLY
  AND AS SUCCESSOR-IN-INTEREST TO
  BYRON JACKSON PUMPS);
CARRIER CORPORATION;
CATERPILLAR, INC.;
CBS CORPORATION, A DELAWARE CORP.
  F/K/A VIACOM INC., SUCCESSOR BY
  MERGER TO CBS CORP., A
  PENNSYLVANIA CORP. F/K/A
  WESTINGHOUSE ELECTRIC CORP.;
CIRCOR INTERNATIONAL;
CRANE CO.;
CROWN CORK & SEAL COMPANY, INC.;
ELLIOTT COMPANY (INDIVIDUALLY AND AS
  SUCCESSOR IN INTEREST TO ELLIOTT
  TURBOMACHINERY CO., INC.;
FLOWSERVE CORPORATION
  (INDIVIDUALLY AND AS SUCCESSOR-IN-
  INTEREST TO BW/IP INTERNATIONAL,
  INC., F/K/A ROCKWELL
  INTERNATIONAL);
FMC CORPORATION INDIVIDUALLY & AS
  SUCCESSOR TO NORTHERN PUMP
  COMPANY, COFFIN, PEERLESS PUMP
  COMPANY AND CHICAGO PUMP
  COMPANY;
FOSTER WHEELER ENERGY CORPORATION;
GARDNER DENVER, INC.;
GENERAL DYNAMICS CORPORATION,
  INDIVIDUALLY AND AS SUCCESSOR IN
  INTEREST TO CONVAIR CORPORATION;
GENERAL ELECTRIC COMPANY;
HARDIE-TYNES CO., INC.;
HIGBEE, INC.;
HONEYWELL INTERNATIONAL, INC., F/K/A

ASBESTOS

Case No. 12-L- 1727

ALLIEDSIGNAL, INC., F/K/A THE BENDIX
   CORPORATION;
IMO INDUSTRIES, INC.;
INGERSOLL-RAND COMPANY;
JOHN CRANE, INC.;
METROPOLITAN LIFE INSURANCE
   COMPANY;
NASH ENGINEERING CO.;
NORTHROP-GRUMMAN CORPORATION;
PNEUMO ABEX CORPORATION;
SCHUTTE & KOERTING, INC.;
TUTHILL CORPORATION;
UNION CARBIDE CORPORATION;
WARREN PUMPS, LLC;
YARWAY CORPORATION

               Defendants.

## ORIGINAL COMPLAINT

### COUNT I

## NEGLIGENCE COUNT AS TO MANUFACTURERS/SUPPLIERS OF ASBESTOS PRODUCTS

COMES NOW the Plaintiff, RICHARD SPELLS, JR. Individually and as Administrator of the

Estate of RICHARD SPELLS, deceased, by his attorneys, Napoli Bern Ripka Shkolnik LLP, and for his

cause of action against the Defendants, states:

    1.     Defendant JOHN CRANE, INC. is an Illinois Corporation existing pursuant to Illinois

law and/or a corporation that conducts its principal operation in Illinois and is and was doing business in

Madison County.

    2.     The Plaintiff, RICHARD SPELLS, JR. currently resides in Lakeland, Georgia. The

Plaintiff's Decedent, RICHARD SPELLS, experienced occupational and bystander exposure to asbestos

while serving in the U.S. Navy as a Machinist in the engine rooms aboard the USS Midway from 1958

1962, the USS Fiske from 1963 to 1965, the USS Pratt from 1965 to 1967, the USS Tattnal from 1969 to

1971, and the USS Paul from 1979 to 1980. The Plaintiff's Decedent, RICHARD SPELLS, was exposed

to asbestos-containing products and equipment including, but not limited to, asbestos-containing pumps,

valves, packing, gaskets, insulation, boilers, turbines, cooling towers, pipe, paint, HVAC equipment, and raw asbestos.

      3.    Plaintiff brings this action pursuant to 740 ILCS 180/1-2.2, 755 ILCS 5/27-6 and 750 ILCS 65/15.

4.    Plaintiff RICHARD SPELLS experienced occupational non-occupational, bystander, and/or secondary asbestos exposure as a result of direct contact with Defendants' asbestos-containing products.

      5.    During the course of the Decedent's employment, the Decedent, RICHARD SPELLS was exposed to and inhaled asbestos fibers emanating from certain products he was working with and around and/or others were working with and around that he came into contact, which were manufactured, sold, and/or distributed or installed by the following Defendants:

> AIR & LIQUID SYSTEMS CORPORATION, A/K/A BUFFALO PUMPS, INC.;
> AMPCO-PITTSBURGH CORPORATION;
> BW/IP INTERNATIONAL (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO
>     BYRON JACKSON PUMPS);
> CARRIER CORPORATION;
> CATERPILLAR, INC.;
> CBS CORPORATION, A DELAWARE CORP. F/K/A VIACOM INC., SUCCESSOR BY
>     MERGER TO CBS CORP., A PENNSYLVANIA CORP. F/K/A WESTINGHOUSE
>     ELECTRIC CORP.;
> CIRCOR INTERNATIONAL;
> CRANE CO.;
> CROWN CORK & SEAL COMPANY, INC.;
> ELLIOTT COMPANY (INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO
>     ELLIOTT TURBOMACHINERY CO., INC.;
> FLOWSERVE CORPORATION (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST
>     TO BW/IP INTERNATIONAL, INC., F/K/A ROCKWELL INTERNATIONAL);
> FMC CORPORATION INDIVIDUALLY & AS SUCCESSOR TO NORTHERN PUMP
>     COMPANY, COFFIN, PEERLESS PUMP COMPANY AND CHICAGO PUMP
>     COMPANY;
> FOSTER WHEELER ENERGY CORPORATION;
> GARDNER DENVER, INC.;
> GENERAL DYNAMICS CORPORATION, INDIVIDUALLY AND AS SUCCESSOR IN
>     INTEREST TO CONVAIR CORPORATION;
> GENERAL ELECTRIC COMPANY;
> HARDIE-TYNES CO., INC.;
> HIGBEE, INC.;
> HONEYWELL INTERNATIONAL, INC., F/K/A ALLIEDSIGNAL, INC., F/K/A THE
>     BENDIX CORPORATION;
> IMO INDUSTRIES, INC.;
> INGERSOLL-RAND COMPANY;
> JOHN CRANE, INC.;

NASH ENGINEERING CO.;
NORTHROP-GRUMMAN CORPORATION;
PNEUMO ABEX CORPORATION;
SCHUTTE & KOERTING, INC.;
TUTHILL CORPORATION;
UNION CARBIDE CORPORATION;
WARREN PUMPS, LLC;
YARWAY CORPORATION.

6.     At all times herein set forth, the Defendants' products were being employed in the manner and for the purposes for which they were intended.

7.     The Decedent's exposure to and inhalation of the asbestos fibers emanating from the above-mentioned products were completely foreseeable and could or should have been anticipated by the Defendants.

8.     The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling them.

9.     That on or about May 1, 2011, the Plaintiff and Decedent first became aware that RICHARD SPELLS had developed Lung Cancer and within the past two years became aware that said disease was wrongfully caused by asbestos exposure.

10.    That on June 8, 2012, Plaintiff's Decedent died of Lung Cancer.

11.    At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of the Decedent and others working with and around the products of the Defendants containing asbestos.

12.    The Defendants failed to exercise ordinary care and caution for the safety of the Plaintiff in one or more of the following respects:

(a)  Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons working with or around them would inhale asbestos fibers;

(b)  Included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling them;

Page **4** of **18**

(c)  Included asbestos in their products when adequate substitutes for the asbestos in them was available;

(d)  Failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling the asbestos fibers contained in them;

(e)  Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling the asbestos fibers in them; and

(f)  Failed to conduct tests on the asbestos containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers might be exposed while working with the products.

(g)  Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

13.    That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Decedent was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Decedent to develop Lung Cancer, which ultimately led to his death; the Decedent, prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of Plaintiff's asbestos-induced disease and conditions; the Decedent, prior to his death, experienced great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers: that as a further result of his asbestos-induced disease and conditions, the Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of monies which otherwise would have accrued to him and his estate; further, by reason of the death of the Decedent, his family has been deprived of his means of support and has lost the society of the Decedent; lastly, substantial sums of money were expanded by the Decedent's estate for funeral and burial.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries and for such other and further relief that this Court deems appropriate.

Page 5 of 18

## COUNT II

## WILLFUL AND WANTON AS TO MANUFACTURERS/SUPPLIERS OF ASBESTOS PRODUCTS

COMES NOW the Plaintiff, RICHARD SPELLS, JR. Individually and as Administrator of the Estate of RICHARD SPELLS, deceased, by his attorneys, Napoli Bern Ripka Shkolnik LLP, and for his cause of action against the Defendants, states:

1. - 9.   Plaintiffs repeat and reallege Paragraphs 1 - 9 of Count I as and for Paragraphs 1 - 9 of this Count II.

10.     Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

(a)  Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons working with or around them would inhale asbestos fibers;

(b)  Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling them;

(c)  Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in the products when adequate substitutes for the asbestos in them was available;

(d)  Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling the asbestos fibers in them;

(e)  Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling the asbestos fibers in them; and

(f)  Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to conduct tests on the asbestos containing products manufactured, sold or delivered by the Defendants in order to determine the hazards to which workers might be exposed while working with the products and/or conspired with others to conceal the results of such tests.

(g)  Intentionally or with a reckless disregard for the safety of the Plaintiff, designed, manufactured and sold equipment, vehicles,

machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries and for such other and further relief that this Court deems appropriate.

### COUNT III

### CONSPIRACY

COMES NOW the Plaintiff, RICHARD SPELLS, JR. Individually and as Administrator of the Estate of RICHARD SPELLS, deceased, by his attorneys, Napoli Bern Ripka Shkolnik LLP, and for his cause of action "against Defendants, METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., PNEUMO ABEX CORPORATION" states:

1-4.    Plaintiff repeats and realleges Paragraphs 1 - 4 of Count II as and for Paragraphs 1 - 4 of this Count III.

5.    During the course of employment, Decedent was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers emanating from certain products they were working with and around which were manufactured, sold or distributed by the Defendants named in Count I above.

6.    The Defendants, including METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION, and/or their predecessors-in-interest in Madison County, Illinois, Cicero, Illinois, Chicago, Illinois, Libertyville, Illinois and Waukegan, Illinois as well as other locations, knowingly agreed, contrived, combined, confederated and conspired among themselves and with other entities, including Johns-Manville Corporation, Union Asbestos & Rubber Company, Pittsburgh-Corning Corporation and United States Gypsum, to cause Plaintiff's injury, disease and illness by exposing Plaintiff to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Decedent of the opportunity of informed free choice as

Page 7 of 18

to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products or to expose himself to said dangers. In this connection, Plaintiff has sued METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION in their capacities as co-conspirators. Defendants committed the above-described wrongs, some of which wrongful conduct occurred at the locations above, by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

7.    In furtherance of said conspiracy, Defendants, METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION, performed the following overt acts:

(a)    for many decades, Defendants METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION, individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic and potentially deadly;

(b)    despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other and other entities, fraudulently, willfully and maliciously:

1.    withheld, concealed and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases from Plaintiff who was using and being exposed to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

2.    caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated and misleading; and

3.    distorted the results of medical examinations conducted upon Plaintiff and workers such as Plaintiff who were using asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by

falsely stating and/or concealing the nature and extent of the harm to which Plaintiff and workers such as Plaintiff have suffered.

(c)     In addition, certain of the defendants, including but not limited to METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION contrived, combined, confederated and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect workers such as Plaintiff from contracting an asbestos disease or cancer.

(d)     In furtherance of said conspiracies, Defendants and/or their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Plaintiff even if complied with.

(e)     As the direct and proximate result of the false and fraudulent representations, omissions and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the Plaintiff to rely upon said false and fraudulent representations, omissions and concealments, to continue to expose himself to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or products which caused the release of respirable asbestos fibers.

8.     Defendants individually, and as members of a conspiracy, and as agents of other co-conspirators were in a position of superior knowledge regarding the health hazards of asbestos and therefore the Decedent and others deciding to use said asbestos-containing products to which Plaintiff was exposed had a right to rely and did rely on the published reports commissioned by the Defendants regarding the health hazards of asbestos and the absence of published medical and scientific data regarding the hazards of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

9.     As a direct and proximate result of Defendants' intentional publication of deceptive and misleading medical data and information, as described in the preceding paragraphs, upon which data the Decedent reasonably relied, the Defendants caused asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products to be used by Decedent and Decedent inhaled or otherwise ingested hazardous asbestos dust, and/or will inhale or ingest hazardous asbestos dust, resulting in injuries.

Page 9 of 18

10.     Additionally and alternatively, as a direct and proximate result of Defendants' actions and omissions as described above, the Decedent was caused to remain ignorant concerning the danger of human exposure to asbestos, resulting in damage to the Decedent by depriving the Decedent and workers such as Decedent, of opportunities to be aware of the hazards of asbestos exposure, and thus the opportunity to take proper safety precautions and/or avoid exposure to asbestos dust.  Because of this ignorance on the part of the Decedent, Defendants' failure to warn, Defendants' concealment from the Decedent of the alteration of their published test results, and the actions and omissions and concerted design and conspiracy of METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION, some of which wrongful conduct occurred in Madison County, Illinois, and others, all as described above, the Decedent was exposed to asbestos and asbestos-containing products and/or machinery containing or calling for the use of asbestos and/or asbestos-containing products used at his/her places of employment and/or his/her family members' place employment and has inhaled or otherwise ingested hazardous asbestos dust resulting in his developing Lung Cancer.

11.     That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Decedent was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Decedent to develop Lung Cancer, Decedent which ultimately led to his death; the Decedent, prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; the Decedent, prior to his death, experienced  great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, the Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of monies which otherwise would have accrued to him and his estate; further, by reason of the  death of the Decedent, his family has been deprived of his means of support and has lost the society of the Decedent; lastly, substantial sums of money were expended by the Decedent's estate for funeral and burial.

Page 10 of 18

WHEREFORE, Plaintiff pray judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries and for such other and further relief that this Court deems appropriate.

## COUNT IV

### NEGLIGENT SPOLIATION OF EVIDENCE AS TP MANUFACTURERS/SUPPLIERS OF ASBESTOS PRODUCTS

COMES NOW the Plaintiff, RICHARD SPELLS, JR. Individually and as Administrator of the Estate of RICHARD SPELLS, deceased, by his attorneys, Napoli Bern Ripka Shkolnik LLP, and for his cause of action against the Defendants, states:

1. Prior to the commencement of this case, Defendants listed in Count I had in their respective possession, custody and control documents and information relating to issues in this case.

2. Upon information and belief, said issues include, but are not limited to: the identification of asbestos-containing products to which Decedent was exposed, the locations to, and at, which defendants sold, distributed and applied asbestos-containing products; the identity of the manufacturers and others in the distribution chain of said products; and, defendants' knowledge, notice and information regarding the hazards of asbestos and whether or not they were negligent.

3. It was foreseeable to a reasonable person/entity in the respective positions of Defendants that said documents and information constituted evidence, which was material to potential civil litigation- namely, asbestos litigation. Said defendants had a duty to maintain and preserve said documents and information because they knew or should have known that said documents and information were material evidence in potential asbestos litigation.

4. Plaintiff has sought, but been unable to obtain, full disclosure of relevant documents and information from Defendants, leading to the inference that Defendants destroyed and otherwise disposed of said documents and information.

5. Said defendants and each of them breached their duty to preserve said material evidence by destroying and otherwise disposing of said documents and information, at a time when they and each

of them knew or should have known that the same constituted material evidence in potential civil litigation.

6.     As a direct and proximate result of said destruction and disposal of material evidence, Plaintiff has been prejudiced and impaired in proving claims against all potentially liable parties, including, but not limited to, said defendants and, as a further result thereof, has been compelled to dismiss and/or unfavorably compromise said claims against other defendants.

7.     As a result of this prejudice and impairment, Plaintiff has been caused to suffer damages in the form of impaired ability to recover against Defendants and lost or reduced compensation from other potentially liable parties in this litigation.

WHEREFORE, Plaintiff prays this Court to enter judgment against Defendants and to award compensatory damages in an amount to be proved at trial, but believed to exceed FIFTY THOUSAND ($50,000.00) DOLLARS and for such other and further relief that his Court deems appropriate.

## COUNT V

### WILLFUL AND WANTON SPOLIATION OF EVIDENCE AS TO MANUFACTURERS/SUPPLIERS OF ASBESTOS PRODUCTS

COMES NOW the Plaintiff, RICHARD SPELLS, JR. Individually and as Administrator of the Estate of RICHARD SPELLS, deceased, by his attorneys, Napoli Bern Ripka Shkolnik LLP, and for his cause of action against the Defendants, states:

1-6.     Plaintiff repeats and realleges Paragraphs 1-6 of Count IV as and for Paragraphs 1-6 of this Count V.

7.     In destroying and disposing of said material evidence, said defendants and each of them acted intentionally and/or in reckless disregard of their duty to preserve the same.

8.     As a direct and proximate result of said destruction and disposal of material evidence, Plaintiff has been prejudiced and impaired in proving claims against all potentially liable parties, including, but not limited to, said defendants and, as a further result thereof, has been compelled to dismiss and/or unfavorably compromise said claims against other defendants.

Page 12 of 18

9.      As a result of this prejudice and impairment, Plaintiff has been caused to suffer damages in the form of impaired ability to recover against Defendants and lost or reduced compensation from other potentially liable parties in this litigation.

WHEREFORE, Plaintiff prays this Court to enter judgment against Defendants and to award: compensatory damages in an amount to be proved at trial, but believed to exceed $50,000 and for such other and further relief that this Court deems appropriate.

## COUNT VI

## STRICT LIABILITY/ULTRA-HAZARDOUS ACTIVITY

COMES NOW the Plaintiff, RICHARD SPELLS, JR. Individually and as Administrator of the Estate of RICHARD SPELLS, deceased, by his attorneys, Napoli Bern Ripka Shkolnik LLP, and for his cause of action against the Defendants, states:

1.      Plaintiff was present at Defendants' premises in California, Florida, and Georgia at which Plaintiff worked and frequented at all times relevant hereto.

2.      Plaintiff was present on said premises of Defendants as an employee and/or independent contractor, and Plaintiff was present on said premises.

3.      While present upon the above-named premises of Defendant, Plaintiff was exposed to asbestos fiber emanating from asbestos containing materials and raw asbestos present and being used at said premises by Plaintiff and others. Plaintiff was exposed to and inhaled, ingested or otherwise absorbed the asbestos fibers.

4.      As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Plaintiff contracted Lung Cancer.

5.      The latency period for asbestos related diseases is in excess of any potentially applicable repose period for filing a workers' compensation or administrative occupational disease claim.

6.      Plaintiff's exposure to and inhalation, ingestion and/or absorption of said asbestos fibers was foreseeable and could or should have been anticipated by Defendant and each of them.

Page 13 of 18

7.      Defendant knew or should have known that exposure to asbestos fibers posed an unreasonable risk of harm to Plaintiff and others similarly situated.

8.      Defendant's use of asbestos-containing products and raw products at the above-named facilities, in a manner causing the release of asbestos fibers, constituted an ultra-hazardous activity. Defendant is strictly liable for injuries caused by such activity, regardless of the amount care exercised.

9.      That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop Lung Cancer; the Plaintiff has been, and in the future will be, compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; the Plaintiff has and will continue to experience great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, the Plaintiff has been and will continue to be hindered and prevented from pursuing his normal course of employment, thereby losing large sums of monies which otherwise would have accrued to him and his estate; further, his family has been deprived of his means of support and has lost the society of the Plaintiff.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries and for such other and further relief that this Court deems appropriate.

## COUNT VII

## NEGLIGENCE

COMES NOW the Plaintiff, RICHARD SPELLS, JR. Individually and as Administrator of the Estate of RICHARD SPELLS, deceased, by his attorneys, Napoli Bern Ripka Shkolnik LLP, and for his cause of action against the Defendants named in Count VI states:

1-8.     Plaintiff repeats and realleges Paragraph 1-8 of Count VI as Paragraph 1-8 of this Count VII.

9.     Plaintiff was unaware and had no reasonable way to know or realize the risks of being exposed to asbestos. Defendants should have anticipated that Plaintiff did not know and would not discover or realize the risks of being exposed to asbestos fibers.

10.     Defendants had a duty to use ordinary care to see that the premises, at which Plaintiff was rightfully present, were in a reasonably safe condition for use by the Plaintiff and to use ordinary care for the safety of Plaintiff in conducting any operations or activities on said premises.

11.     Defendants breached their duties to Plaintiff and were negligent in one or more of the following respects:

      (a)     Specified/required the use/application/removal of asbestos-containing materials by Plaintiff, and others, including co-workers of Plaintiff and outside contractors, in the vicinity of        Plaintiff and/or in areas in which Plaintiff performed work;

      (b)     Required Plaintiff to perform work in the vicinity of those using/applying/removing asbestos-containing materials;

      (c)     Purchased/provided asbestos-containing materials for purposes of application at the above-named premises;

      (d)     Failed to replace asbestos-containing materials at the premises with non-asbestos substitutes, which Defendant knew or should have known were available.;

      (e)     Failed to warn Plaintiff that she was working with and/or around asbestos-containing materials and of the risks associated therewith, including that Plaintiff was being exposed to asbestos fibers and of the adverse health effects of such exposure;

      (f)     Failed to require and/or advise Plaintiff, other employers and/or outside contractors to use safety equipment and practices designed to reduce the release of asbestos fibers and/or exposure to        asbestos;

      (g)     Failed to require and/or advise its employees including Plaintiff of hygiene practices designed to reduce and/or prevent carrying asbestos fibers home; and.

      (h)     Failed to provide equipment designed to contain asbestos fibers and reduce the risks of exposure to asbestos.

12.     As a direct and proximate result of one or more of the foregoing acts and/or omissions by Defendants, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers, causing Plaintiff to develop the aforementioned asbestos-related disease.

13.     That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop Lung Cancer; the Plaintiff has been and will in the future be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; the Plaintiff has and will continue to experience great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, the Plaintiff has been and will continue to be hindered and prevented from pursuing his normal course of employment, thereby losing large sums of monies which otherwise would have accrued to his and his estate; further, by reason of the Plaintiff's illness, his family has been deprived of his means of support and has lost the society of the Plaintiff.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries and for such other and further relief that this Court deems appropriate.

## COUNT VIII

### WILLFUL AND WANTON MISCONDUCT

COMES NOW the Plaintiff, RICHARD SPELLS, JR. Individually and as Administrator of the Estate of RICHARD SPELLS, deceased, by his attorneys, Napoli Bern Ripka Shkolnik LLP, and for his cause of action against the Defendants, states:

Plaintiff for his further cause of action against Defendants named in Count VI alleges as follows:

1-13.   Plaintiff repeats and realleges Paragraphs 1-13 of Count VII as and for Paragraph 1-3 of this Count VIII.

Page 16 of 18

14.     Defendants breached its duties to Plaintiff and acted willfully, wantonly, intentionally and/or in reckless disregard for Plaintiff safety and health in one or more of the following respects:

(a)     Intentionally or with a reckless disregard for the safety of Plaintiff, specified/required the use/application/removal of asbestos-containing materials by Plaintiff, and others, including co-workers of Plaintiff and outside contractors, in the vicinity of Plaintiff and/or in areas in the vicinity of Plaintiff and/or in areas in which Plaintiff performed work;

(b)     Intentionally or with a reckless disregard for the safety of Plaintiff, required Plaintiff to perform work in the vicinity of those using/applying/removing asbestos-containing materials;

(c)     Intentionally or with a reckless disregard for the safety of Plaintiff, purchased/provided asbestos-containing materials for purposes of application at the above-named premises;

(d)     Intentionally or with a reckless disregard for the safety of Plaintiff, failed to replace asbestos-containing materials at the premises with non-asbestos substitutes, which Defendants knew or should have known were available.;

(e)     Intentionally or with a reckless disregard for the safety of Plaintiff, failed to warn Plaintiff that they were working with and/or around asbestos-containing materials and of the risks associated therewith, including that Plaintiff were being exposed to asbestos fibers and of the adverse health effects of such exposure;

(f)     Intentionally or with a reckless disregard for the safety of Plaintiff, failed to require and/or advise Plaintiff, other employers and/or outside contractors to use safety equipment, protective devices and practices designed to reduce the release of asbestos fibers and/or exposure to asbestos;

(g)     Intentionally or with a reckless disregard for the safety of Plaintiff, failed to require and/or advise its employees including Plaintiff of hygiene practices designed to reduce and/or prevent carrying asbestos fibers home; and,

(h)     Intentionally or with a reckless disregard for the safety of Plaintiff, failed to provide equipment designed to contain asbestos fibers and reduce the risks of exposure to asbestos.

15.     As a direct and proximate result of one or more of the foregoing willful, wanton, intentional and/or reckless acts and/or omissions by Defendant, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers, causing him to develop the aforementioned asbestos-related disease for which Plaintiff is entitled to recover compensatory damages, as prayed above.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries and for such other and further relief that this Court deems appropriate.


NAPOLI BERN RIPKA SHKOLNIK, LLP


By:
        Steven M. Aroesty (Bar # 6194869)
        241 North Main Street
        Edwardsville, IL 62025
        (618) 307-4528
        SAroesty@NapoliBern.com


Page 18 of 18