IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD SPELLS, JR., as Administrator of the )
Estate of RICHARD SPELLS, and )
RICHARD SPELLS, JR., Individually, )
)
    Plaintiff, )
)
v. ) No.: 13-cv-129-GPM-SCW
)
AIR & LIQUID SYSTEMS CORPORATION, a/k/a )
BUFFALO PUMPS, INC., et al., )
)
    Defendants. )

### DEFENDANT WARREN PUMPS, LLC'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW

NOW COMES the Defendant WARREN PUMPS, LLC ("Warren") by and through its attorneys HEYL ROYSTER pursuant to Civ. R. 56 and SDIL-LR 7.1 and for its Motion for Summary Judgment and Memorandum of Law states the following:

### MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant Warren Pumps who moves this Court for Summary Judgment dismissal of Plaintiff's Complaint against it because Plaintiff has failed to produce any material factual support through discovery or testimony that Plaintiff was exposed to and inhaled asbestos fibers emanating from products or equipment sold, distributed or installed by Warren. Plaintiff has provided no evidence to support the allegation of exposure to asbestos from a Warren pump with the legal sufficiency of regularity, frequency, and proximity required to be a substantial contributing factor to his injury. *See,* Doc. 73.

## MEMORANDUM IN SUPPORT OF MOTION

### A. Procedural Background

1. On October 23, 2012, Plaintiff filed his Complaint against Warren in the Third Judicial Circuit Court of Madison County, Illinois. Warren was served on or about December 21, 2012 and on February 7, 2013, CBS Corporation pursuant to 28 U.S.C. §§ 1442 and 1446 filed its notice of Removal to the United States District Court of the Southern District of Illinois. Doc. 2. On May 24, 2013, the court entered a Scheduling and Discovery Order setting this matter for a presumptive trial date of April 2014. Doc. 66-1. On May 22, 2013, Plaintiff filed a First Amended Complaint in the United States District Court of the Southern District of Illinois. Doc. 73. On July 18, 2013, Warren answered the First Amended Complaint. Doc. 139. On August 6, 2013, Warren served Plaintiff with its Rule 26(a)(1) fact witness disclosure. Doc. 158. On August 9, 2013, Plaintiff moved the court to extend the time for taking the depositions of fact witnesses from August 9, 2013 to September 9, 2013. Doc. 66, 66-1, 167. On August 12, 2013, the Court granted Plaintiff's motion to extend time. Doc. 66, 66-1, 168. On September 27, 2013, at a court ordered status conference, Plaintiff advised the court that discovery was progressing and made no mention that additional time was needed to disclose or take the depositions of fact witnesses. Minute Entry, Doc. 229.

### B. Factual Background[1]

1. Plaintiff's First Amended Complaint alleges his decedent Richard Spells

---

[1] These statements are for purposes of summary judgment only. The Defendant does not concede that any statements made by the Plaintiff(s) or their witnesses that are listed therein are true. The Defendant intends to dispute each and every fact at trial.

T6665

("decedent") was exposed to and inhaled asbestos fibers emanating from Warren products he was working with and around while in the United States Navy. Doc. 73.

2. On May 1, 2011, Plaintiff's decedent developed Lung Cancer and sometime within the following two years realized it was caused by exposure to Warren's products. Doc. 73

3. Pursuant to Federal Rules and the court's extension of time granted to Plaintiff the Deposition of fact witness and Navy shipmate Charles Giovantti was taken on August 28, 2013. See, Deposition of Charles Giovantti, August 28, 2013, attaced hereto as **Exhibit A.**

4. On August 28, 2013, Navy shipmate Charles Giovantti, testified that he could not not provide testimony that Plaintiff's decedent worked with or around a piece of equipment manufactured by Warren Pumps. Exhibit A, 71:20-25.

5. Plaintiff has not disclosed or produced any other fact witnesses or evidence in support of his claim against Warren and the September 9, 2013, cut-off date for taking depositions of fact witnesses has run. See, Doc. 66, 66-1, 168.

**C.     Summary Judgment Standard**

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Civ. R. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Spaith v. Hayes Wheels Int'l-Ind., Inc., 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, a court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When

addressing a motion for summary judgment, "[t]he evidence of the non movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.*, at 255.

In Illinois it is not the defendant's burden to disprove exposure to asbestos, rather it is the plaintiff's duty to establish that necessary element of exposure to an asbestos-containing product, manufactured or supplied by a particular defendant resulting in the proximate cause of an injury. *Estate of Henderson v. W.R. Grace. Co.* 185 Ill.3d 523, 541 (3d Dist. 1989), *Zimmer v. Celotex Corp.* 192 Ill. App.3d 1088 (1st Dist. 1989).

"Summary judgment is appropriate where the plaintiff has failed to present evidence of exposure to a particular defendant's products." *Webber v. Armstrong World Industries, Inc.*, 235 Ill. App. 3d 790, 796, 601 N.E.2d 286, 290 (4th Dist. 1992) (quoting *Zimmer v. Celotex Corp.*, 192 Ill. App. 3d 1088, 1092, 549 N.E.2d 881, 884 (1st Dist. 1989)). The plaintiff has the burden of establishing *prima facie* evidence of product exposure in order to survive a motion for summary judgment. *Thacker v. UNR Industries, et al.*, 151 Ill.2d 343, 362, 603 N.E.2d 449, 458 (1992). Defendants are not required to disprove exposure. *See Estate of Henderson v. W.R. Grace Company*, 185 Ill. App. 3d 523, 529, 541 N.E.2d 805 (3rd Dist. 1989). In addition, plaintiffs may not rely upon scant or whimsical evidence of exposure to withstand summary judgment: "The mere possibility that [plaintiff] could have been exposed to . . . [defendant's] product . . . is insufficient to withstand a motion for summary judgment." *Schultz v. Keene Corp.*, 729 F. Supp. 609, 614 (N.D. Ill. 1990).

In asbestos litigation, summary judgment is appropriate "after adequate time for discovery and upon motion against the party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial."

T6665

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (asbestos case where plaintiff failed to identify any witness who could testify as to decedent's alleged exposure to asbestos-containing products manufactured by a particular defendant, summary judgment in favor of the defendant is appropriate).

The Illinois Supreme Court decision of *Thacker v. UNR Industries, et al.*, 151 Ill.2d 343, 603 N.E.2d 449 (1992), sets the standard for evidence of product exposure in asbestos cases. The *Thacker* court held that a plaintiff in an asbestos case must show that a defendant's product is somehow "responsible for producing the injury at issue." *Thacker*, 151 Ill.2d at 355, 603 N.E.2d at 455 (citing Restatement (2d) of Torts, Sec. 431, comment a (1965)). The Court noted that, as a matter of law, a plaintiff should not be allowed to take the causation question to the jury when there is insufficient evidence for the jury to reasonably find that the defendant's conduct was a cause of the plaintiff's harm or injury. *Thacker*, 151 Ill.2d at 355, 603 N.E.2d at 455.

In an asbestos case, the Seventh Circuit Court of Appeals described plaintiff's burden at summary judgment as follows:

> [Plaintiff] must produce evidence sufficient to support an inference that he inhaled asbestos dust from the defendant's product...this inference can be made only if it is shows that the defendant's product, as it was used during the plaintiff's tenure at the job site, could possibly have produced a significant amount of asbestos dust and that the asbestos dust might have been inhaled by the plaintiff. A plaintiff does not meet this burden simply by establishing that he inhaled asbestos dust; rather, he must produce evidence tending to show that he inhaled asbestos produced by the *defendant's* product.

*Harris v. Owens-Corning Fiberglas Corp.*, 102 F.3d 1429, 1432 (7th Cir. 1996) (internal quotations omitted) (emphasis original).

T6665

In this case, there is no testimony or other material evidence to create an issue of fact regarding exposure to any asbestos fibers from any asbestos-containing products attributable to Warren. As a result, summary judgment is appropriate.

### D.   Analysis and Argument

In his complaint Plaintiff, alleges his decedent was exposed to and inhaled asbestos fibers emanating from certain products he was working with and around and/or others were working with and around that he came into contact, which were manufactured, sold, and/or distributed or installed by Warren. Doc. 73. In order for Plaintiff to prevail on the causation issue there must be some evidence that Warren's products containing asbestos were put to "frequent" use at a location in "proximity" to where the Plaintiff "regularly" worked. *Thacker*, 151 Ill.2d at 364, 603 N.E.2d at 459, 177 Ill.Dec. at 389. Plaintiff has failed to produce any evidence of exposure to any asbestos-containing component associated with a Warren pump, this court should grant Warren's motion for summary judgment in this case.

### E.   Conclusion

Plaintiff has offered no evidence that Warren equipment was located and was frequently used or maintained in proximity to where Plaintiff's decedent regularly worked. As a result, there is no dispute as to any material fact that Plaintiff did not regularly work in dangerous proximity to fibers emanating from any Warren product to which Plaintiff can prove or reasonably infer that a Warren product caused his decedent's injury. As a result, there exists no genuine dispute as to any material fact and Warren is entitled to judgment as a matter of law.

T6665

WHEREFORE, the defendant WARREN PUMPS, LLC prays that this Court will find on its behalf and enter an order granting a summary judgment dismissal with prejudice and any other relief it deems just and proper.

WARREN PUMPS, LLC, Defendant

BY: /s/        Michael F. Daniels
HEYL, ROYSTER, VOELKER & ALLEN
Michael F. Daniels
ARDC #:6203197

HEYL, ROYSTER, VOELKER & ALLEN
Suite 100, Mark Twain Plaza III
105 West Vandalia
P.O. Box 467
Edwardsville, Illinois 62025 0467
Telephone  618.656.4646
Facsimile  618.656.7940
E-mail: mdaniels@heylroyster.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this **20th** day of **January, 2014**, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

          /s/ Michael F. Daniels
          HEYL ROYSTER VOELKER & ALLEN