IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD SPELLS, JR., Individually and as Administrator of the Estate of Richard Spells, Deceased, | ) ) ) ) |
| Plaintiff, | ) Civil No.: 13-129-GPM-SCW ) ) |
| -vs.- | ) ) |
| AIR & LIQUID SYSTEMS CORPORATION, et al. | ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT THE NASH ENGINEERING COMPANY'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff, by and through counsel Napoli Bern Ripka Shkolnik LLP, requests that the Court deny Defendant THE NASH ENGINEERING COMPANY'S (hereinafter "Nash") Motion for Summary Judgment. Plaintiff states as follows:

## I. INTRODUCTION

Plaintiff's operative complaint alleges that the Plaintiff's Decedent, Richard Spells, experienced occupational and bystander exposure to asbestos through various products manufactured and supplied by Nash including pumps while serving in the U.S. Navy as a Machinist aboard the *USS Midway*, the *USS Fiske*, the *USS Pratt*, the *USS Tattnal*, and the *USS Paul* over the course of 30 years. (Amended Complaint, ¶¶2-5)

Nash makes a very limited argument in support of summary judgment. It contends that because Plaintiff's co-worker witness Charles Giovannitti did not identify Nash products on the *USS Pratt* on which he served with decedent Richard Spell, it is entitled to summary judgment.

1

By the same token, because Plaintiff possesses other evidence showing Nash pumps were part of the equipment that Mr. Spells' maintained on the *USS Pratt*, the *USS Midway* and the *USS Fiske* as pleaded, Nash's motion for summary judgment must be denied as it fails to satisfy its initial burden on its motion.

## II. STATEMENT OF FACTS

Richard Spells was a Machinist Mate First Class when he served on the *USS Pratt* with Charles Giovannitti in the mid 1960s.  He was assigned to the ship's Engineering Department, M Division. The M Division took care of the   equipment in the engine room, the turbines, and   fire room. (Giovannitti Deposition, pp. 15:13-15, 17:8016, 17:17-21, 22:1-5, 13-17; 64:17-20, attached as Exhibit A)

Spell was in charge of all maintenance and repairs in #2 engine room on the ship and was qualified to stand engine room watches as a Petty Officer in 1968  and then was qualified to stand engine room top watches in both the ship's engine rooms as of 1968. (Reports of Enlisted Performance Evaluation, attached as Exhibit C)   As part of his responsibilities Spells maintained and repaired ship pumps in the areas he worked. (Exhibit A at 28:7-14)

Ship records for the *USS Pratt* reflect that Nash pumps were equipment used on the ship's centrifugal pumps. (Exhibit B)

Richard Spells was also a Machinist Mate when he served aboard the *USS Fiske* for a 6 year period from 1960 to 1966. (Exhibit D, Report of Transfer or Discharge)   He was a Machinist Mate and Leading Petty Office in the ship's After Engine Room. He undertook Auxiliary Top Watch in Main Control and Top Watch in the After Engine Room. (Report of Enlisted Performance Evaluation, attached as Exhibit E)

Ship records for the *USS Fiske* reflect that Nash was the manufacturer of a turbine vacuum pump. (Exhibit F)

Nash pumps were also used in the engine rooms on the *USS Midway*, where Spells also served as a Machinist Mate in the Engineering Department. (Exhibit G and Exhibit H , 24 Oct. 1960 letter from C.B. Darrow to USS Midway Engineering Officer, attached hereto).

### III.  STANDARD OF REVIEW ON SUMMARY JUDGMENT

The standard the trial court must apply in ruling on a motion for summary judgment is contained in Rule 56(c) of the Federal Rules of Civil Procedure. "[J]udgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  However, in *In First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968),  the Supreme Court observed that "[i]t is true that the issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." 391 U.S., at 288-289, 88 S.Ct., at 1592.

Furthermore, the party moving for summary judgment has both an initial burden of production and the ultimate burden of persuading the court that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a).  The moving party may support its summary judgment motion by submitting affirmative evidence that disproves an essential element of the opposing party's claim or defense. *See Adickes v. S.H. Kress & Co.* (1970) 398 US 144, 158–160, 90 S.Ct. 1598, 1608–1609.   Alternatively, the moving party may carry its initial burden on summary judgment by "showing" the opposing

3

party lacks sufficient evidence to carry its ultimate burden of persuasion at trial; i.e., it does not have evidence from which a jury could find an essential element of the opposing party's claim or defense. FRCP 56(c)(1)(B); *Celotex Corp. v. Catrett* (1986) 477 US 317, 325, 106 S.Ct. 2548, 2554; *Turner v. City of Taylor* (6th Cir. 2005) 412 F3d 629, 637. A party moving for summary judgment cannot discharge its initial burden by making conclusory assertions that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence that affirmatively demonstrates that the nonmoving party has no evidence to support its claim

In determining whether or not a genuine issue of material fact exists, "the court must take that view of the evidence most favorable to the party against whom the motion is directed, giving to that party the benefit of all favorable inferences that might reasonably be drawn from the evidence, thereby placing the burden of proving the absence of any factual issue of the movant." *Janek v. Celebrezze*, 336 F.2d 828 (3d Cir. 1964).

Additionally, the Court's role at summary judgment is not to weigh the evidence, but to determine whether there is a genuine issue for trial; that is, an issue upon which a reasonable jury could return a verdict in the non-moving party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. at 2511 (1986); *American Guarantee & Liability Ins. Co. v. Fojanini*, 90 F. Supp. 2d 615 (E.D. Pa. 2000). Circumstantial evidence alone may create a genuine issue of material fact, sufficient to defeat a motion for summary judgment. *Cornwell v. Electra Central Credit Union* (9th Cir. 2006) 439 F3d 1018, 1029–1030; and see *Desert Palace, Inc. v. Costa* (2003) 539 US 90, 100, 123 S.Ct. 2148, 2154—in civil litigation generally, circumstantial evidence "may be more certain, satisfying and persuasive than direct evidence".

## IV.    LEGAL ARGUMENT

Nash's argument is that Plaintiff cannot prove its products were on any ship that Plaintiff alleges Mr. Spells was exposed to asbestos and because this foundational evidence is missing, summary judgment should be granted. Nash does not dispute that its pumps were made with asbestos-containing parts or that work with these pumps would have cause asbestos exposure.  Because Defendant has not raised a dispute with any material fact as raised by Plaintiff, other than to assert that Mr.  Giovannitti could not testify as to a Nash product on the *USS Pratt,* Plaintiff objects to any attempt by defendant to assert through its reply brief  new and different arguments and evidence, in violation of Plaintiff's due process rights.

Evidence exists that contradicts Nash's claim that Plaintiff is unable to show that its products were used on ships where Mr. Spells worked, in that it shows that Nash pumps were on three of the ships where Spells worked.  Nash does not address these other ships and as such does not meet its initial burden of production on its motion. Therefore, its motion should be denied.

Additionally, viewing the evidence, including all circumstantial evidence, in favor of Plaintiff and drawing all reasonable inferences therefore, Plaintiff has also shown Spells was actively in charge of maintenance and repair of the three ships' engine rooms and turbines where the Nash pumps were in use, that his work included  the maintenance of pumps, and that he stood watch in the engine rooms while others in the Engineering Department worked, so as to allow a trier fact to reasonably conclude, that Mr. Spells worked with and around Nash  pumps subjecting it to liability from harm caused thereby.

## V. CONCLUSION

Wherefore, Plaintiff respectfully request that Defendant's motion be denied.

DATED: February 21, 2014

                                                NAPOLI BERN RIPKA SHKOLNIK LLP

                                                /s/ Colleen Miller
                                                Colleen M. Miller, Admitted Pro Hac Vice
                                                350 Fifth Avenue
                                                New York, New York, 10018
                                                CMiller@NapoliBern.com

CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2014 a copy of the foregoing was served upon all counsel via the court's ECF system.

/s/ Colleen M. Miller