IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD SPELLS, JR., Individually and as Administrator of the Estate of Richard Spells, Deceased, <br><br> Plaintiff, <br><br> -vs.- <br><br> AIR & LIQUID SYSTEMS CORPORATION, et al. <br><br> Defendants. | Civil No.: 13-129-GPM-SCW |

**PLAINTIFF'S OPPOSITION TO DEFENDANT WARREN PUMPS, LLC'S MOTION TO STRIKE EXHIBITS B THROUGH K OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION**

COMES NOW, Plaintiff, by and through counsel Napoli Bern Ripka Shkolnik LLP, requests that the Court deny Defendant WARREN PUMPS, LLC'S (hereinafter "Warren") Motion to Strike Exhibits. Plaintiff states as follows:

## I. INTRODUCTION

Plaintiff filed his Opposition to Defendant Warren Pumps, LLC's Motion for Summary Judgment (#310) (Opposition) on February 24, 2014. Supporting the Opposition were exhibits that included copies of Naval records and reports pertaining to Mr. Spells' military service on the *USS Pratt, USS Fiske, USS Tattnal* and the *USS Midway*.

Defendant Warren Pumps, LLC filed a Motion to Strike Exhibits B through K of Plaintiff's Motion for Summary judgment on March 10, 2014 arguing that these exhibits are inadmissible because they constitute hearsay and are not authenticated. Defendant's position is without merit and its motion to strike should be denied.

These exhibits are admissible under various exceptions to the hearsay rule under Fed.R.Evid. 803 as well as under Fed.R.Evid. 807, the residual hearsay exception. Additionally, Plaintiff is able to satisfy the authentication requirement for documents.

## II. ARGUMENT

### A. Defendant's Hearsay Objection Should Be Overruled.

The Federal Rules of Evidence Provide that ""[h]earsay is not admissible except as provided by these rules or by other rules prescribe by the Supreme Court pursuant to statutory authority or by Act of Congress.'' Fed. R. Evid. 802. Such exceptions to the hearsay Rule are set forth under Fed.R.Evid. 803 and include:

(1) statements describing or explaining an event or condition, made while or immediately after the declarant perceived it,

(8) records or statements of a public office;

(16) statements in a document that is at least 20 years old and whose authenticity is established.

The proffered military records fall within each of these exceptions.

By their content Exhibits H through K reflect statements describing or explaining an event or condition pertaining to the ships they are reporting about substantially contemporaneous with the observations being made. Exhibits B through G are records that were kept in the course of Mr. Spells's career while serving in the United States Navy. They set forth observations made about Mr. Spells work and/or his overall work on the ships at the time of service or review of his service substantially contemporaneous with the observations in question. Exhibits B, E, and G are "Reports of Enlisted Performance Evaluations" reported by Mr. Spells's Executive Officers

to the United States Navy. There are seven categories that set forth the activities Mr. Spells was performing while aboard the various ships and his performance in each of those tasks. The evaluations are signed and dated by the Executive Officer. Exhibit F is another form of performance evaluation for Mr. Spells over a period of time from December 20, 1966 to September 19, 1972. Each evaluation is dated and initialed by the supervisor. Exhibit C is a letter dated October 24, 1960 from the Commanding Officer to the Engineering Officer allowing Mr. Spells authorized access to classified matters. Finally Exhibit D is Mr. Spells's DD Form 214, a document that represents a complete, verified record of a service member's time in the military.

Thus, these documents are admissible under Fed.R.Evid. 803(1). *See United States v. Mejia-Velez*, 855 F.Supp. 607, 613-14 (E.D.N.Y.1994); *Miller v. Crown Amusements, Inc.*, 821 F.Supp. 703 (S.D.Ga.1993).

Additionally, these documents fall within the public records hearsay exception. Fed.R.Evid. 803(8). They are military records that constitute "[r]ecords, reports, statements, or data compilations, in any form, or public offices of agencies, setting forth (A) the activities of the office or agency...." *US v. Pantic*, 308 Fed.App'x.731, 2009.  These records fall under the hearsay exception in Fed.R.Evid 803(8) because the contents of the records set forth the activities and observations made by persons who were under a duty to so report, concerning the building and maintenance of the Naval ships, include data compilations pertaining to equipment on the Naval ships, and the work undertaken by military personal on the ships including Mr. Spells and necessarily the persons who prepared these document.  This court may take judicial notice that Navy and its agencies are agencies of the United States government.  The records contain distinctive characteristics such as naval terms, signatures of Navy officers, and ship titles. Defendant points to nothing that would allow this court to conclude that the source of

information or other circumstances indicate a lack of trustworthiness. To the contrary these records indicate trustworthiness in their content.

These exhibits are also excepted from the hearsay rule by F.R.E. 803 (16) as they contain statements in documents in existence twenty years or more the authenticity of which will be established as set forth hereinafter.

Under the following circumstances, a hearsay statement is also not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:

(1) the statement has equivalent circumstantial guarantees of trustworthiness;

(2) it is offered as evidence of a material fact;

(3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and

(4) admitting it will best serve the purposes of these rules and the interests of justice. (F.R.E. 807).

The residual hearsay exception may be applied to plaintiff's exhibit as well. Statements by persons charged with the duty by the Navy to inventory, record and report what equipment is on a Navy ship for the purpose of advising on the ship's status and needs or to evaluate and record a Navy seaman's work on a Navy ship for the purpose of confirming service, rewarding conduct and promotion or reporting concerns that are maintained by the federal government agencies are statements that have equivalent circumstantial guarantees of trustworthiness. These statements are offered as evidence of material facts at issue in this case and are certainly by their nature, and in light of the fact that Mr. Spells is deceased, more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts and

admitting them will best serve the purposes of these rules and the interests of justice.

Under any of these exceptions, plaintiff's exhibits should be considered admissible for the purpose of opposing defendant's motion for summary judgment.

### 2. Defendant's Authentication Objection Should be Overrule.

Federal Rule of Evidence 901 requires that, as a precursor to admissibility, all evidence be authenticated or identified "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed R. Evid. 901(a). However on summary judgment, the evidence need not be presented in a form that would be admissible at trial: "At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." *Fraser v. Goodale* (9th Cir. 2003) 342 F3d 1032, 1036; *McMillian v. Johnson* (11th Cir. 1996) 88 F3d 1573, 1584. As reflected previously, the content of plaintiff's exhibits is not made inadmissible by the hearsay rule.

This notwithstanding, defendant has not shown that the rule of authentication cannot be met by plaintiff. Rule 901 requires only that "the proponent [] prove a rational basis for the claim that the document is what the proponent asserts it to be." *United States v. Long*, 857 F.2d 436, 442 (8th Cir. 1988). Circumstantial evidence is sufficient to establish the authenticity of a document. *United States v. Clark*, 649 F.2d 534, 542 (7thCir. 1981). The Rule sets for examples of evidence that satisfies the authentication requirement.

Fed.R.Evid. 901(b) (7) is one such example. It states evidence that satisfies the requirement includes public records that are recorded or filed in a public office as authorized by law; or a purported public record or statement from the office where items of that kind are kept. Plaintiff attaches as **Exhibit A,** the affidavit of authentication from Richard J. Horan which states that exhibits H through K are an exact duplicate of the records residing in the government

archives pertaining to U.S. Navy ships. Mr. Horan states the original documents were created for or by the U.S. Navy, and are kept and maintained in the regular course of business by or on behalf of the National Archives and/or the U.S. Navy.

In addition, Federal Rule of Evidence 901(b)(4) allows for matters to be authenticated through ""distinctive characteristics and the like."' For example, "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances" may be used to authenticate or identify matters as being what the proponent claims them to be. Fed. R. Evid. 901(b)(4). Such characteristics as content, corporate letterhead, logos, and signatures are used to authenticate documents, even without reference to the writer. *See Link v. Mercedes-Benz of North America, Inc*., 788 F.2d 918, 928 (3d Cir. 1986). As set forth previously, Exhibits B through K reflect an appearance, content, internal patterns ( i.e. the use of standardized forms by the Navy)  and other distinctive characteristics, which take in conjunction with the circumstances that they were obtained from governmental agencies,  serve to authenticate these documents.

Federal Rule of Evidence 901(b)(8) allows ancient documents or data compilations to be authenticated by evidence of a condition that creates no suspicion about their authenticity, that they were in a place where, if authentic, it would likely be; and are at least 20 years old when offered. The Navy records at issue here can be said to be such documents.  The exhibits are over 20 years old, typewritten on government agency letterhead or forms with no suspicious markings or alterations and obtained from government agencies.

In light of the circumstances the court should find the exhibits are sufficiently authentic and therefore admissible for consideration in opposition to defendant's motion for summary judgment.

### III.    CONCLUSION

Wherefore, Plaintiff respectfully request that Defendant's motion be denied.

DATED: March 19, 2014

                                                              NAPOLI BERN RIPKA SHKOLNIK LLP

                                                                 /s/ Colleen Miller
                                                              Colleen M. Miller, Admitted Pro Hac Vice
                                                              350 Fifth Avenue
                                                              New York, New York, 10018
                                                              CMiller@NapoliBern.com

### CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2014 a copy of the foregoing was served upon all counsel via the court's ECF system.

                                                /s/ Colleen M. Miller