IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD SPELLS, JR., Individually and as Administrator of the Estate of Richard Spells, Deceased, <br><br> Plaintiff, <br><br> -vs.- <br><br> AIR & LIQUID SYSTEMS CORPORATION, et al. <br><br> Defendants. | ) ) ) ) ) Civil No.: 13-129-DGW-SCW ) ) ) ) ) ) ) ) |

## NOTICE

Plaintiff Richard Spells, by and through counsel Napoli Bern Ripka Shkolnik & Associates LLP, hereby submit this notice to this Court regarding the dismissal of the fourteen defendants added to the amended complaint. Plaintiff requests this Court refrain from dismissing these defendants and extend the trial date by 180 days. In the alternative, Plaintiff requests this Court vacate this case for future setting and extend all other respective deadlines based upon the new trial setting, pursuant to Federal Rules of Civil Procedure, Rules 16(b) and16(b)(4).

In support thereof Plaintiff states as follows:

1. Plaintiff filed an Asbestos Complaint in the Third Judicial Circuit of Madison County, Illinois on October 23, 2012. (**Court Doc. #1).**

2. A Scheduling and Discovery conference was held March 28, 2013. The scheduling order was signed by Magistrate Stephen Williams on April 24, 2013. The presumptive trial month for Plaintiff is April 2014. (**Court Doc. #66**).  Summary judgment motions were ordered to be filed by January 20, 2014.  Local Rules govern

the response date.

3. Plaintiff filed a motion to amend the complaint on May 1, 2013 (**Court Doc. #68**). The motion was so ordered, and Plaintiff filed an Amended Complaint May 22, 2013 which added sixteen defendants. (**Court Doc. #73**).

4. On May 2, 2013, Plaintiff emailed the summons of the newly added defendants to the Southern District Court (**See attached Exhibit A**). Plaintiff is unable to confirm the summon were received from the court.

5. To date, Plaintiff has settled or has a settlement pending with the following defendants: Crown Cork & Seal; Foster Wheeler Energy Corporation; Gardner Denver; Metropolitan Life Insurance Company.

6. To date, Plaintiff has dismissed the following defendants: Apmco-Pittsburgh Corporation; Caterpillar, Inc., Elliot Company, Hardie-Tynes, Co; Higbee, Inc.; Pneumo Abex Corporation; Schutte & Koerting, Inc;

7. To date, Plaintiff has not opposed the following motions for summary judgment and will therefore be dismissing the following defendants: Air & Liquid Systems Corporation; BW/IP International; Carrier Corporation; Crane, Co; FMC Corporation; General Dynamics Inc.; General Electric Company; Honeywell International Inc.; IMO Industries; Ingersoll Rand Company; John Crane, Inc.; Northrop-Grumman Corporation; Tuthill Corporation; Union Carbide Corporation;

8. Plaintiff has filed Oppositions in Response to the Motions for Summary Judgment filed by Nash Engineering and Warren Pumps.

9. The only remaining defendants in this case are Nash Engineering, Warren Pumps, CBS Corporation, Circor International, and Flowserve Corporation.

10. Believing that service had been made, Plaintiff served discovery on the newly added parties December 19, 2013, thus, first putting Defendants on notice as to the Spells complaint.

11. During Plaintiff's attempts at discovery, Plaintiff learned that service on the newly added defendants was not perfected .

12. The remaining five defendants will not be prejudiced any way as they will not be expending costs for new discovery or depositions, their dispositive motions will still be heard, just at a later time so as to allow Plaintiff an opportunity to conduct further discovery as to the newly added defendants which may provide evidence related to the existing defendants

13. The prejudice to Plaintiff will be severe in this matter should the sixteen defendants be dismissed. Plaintiff's statute of limitations ran on June 8, 2013, therefore another complaint cannot be filed should these defendants be dismissed. Justice will not be served in this matter.

14. Because 16 defendants necessary to this action are not presently parties to this action, Plaintiff requests that the Scheduling Order be vacated or modified so as to allow the new parties to engage in discovery, file dispositive motions and otherwise prepare for and participate in trial by vacating or extending the April 1, 2014 trial date.

15. Plaintiff is requesting that the Scheduling Order be vacated or modified as to only the newly added defendants. Plaintiff will not seek new discovery as to the five remaining defendants. Plaintiff will not present any new witnesses that the original five defendants have not already had a chance to depose.

16. A schedule may be modified only for good cause and with the judge's consent. [FRCP

Rule 16(b) (4)]. A formal motion is not necessary. {Adv. Comm. Notes to 1983 Amendment to Rule 16(b)]. Likewise Rule 6 permits the court to extend the time for serving oppositions to motions prior to the expiration of the due date, as is the case here, for good cause shown with or without a motion.

17. Good cause exists to support this request. Despite Plaintiff's diligence and good faith in seeking to effect service upon the filing of his amended complaint, an inadvertent error occurred in the service of a large number of defendants. To avoid prejudice to any party, the current Scheduling Order should be modified including the current April 2014 trial date.

Based upon the forgoing, Plaintiff respectfully requests that the Court issue an order modifying and/or vacating the current trial schedule and all pre-trial dates so as to allow Plaintiff to perfect service of the summons and complaint on 16 party defendants and all parties to engage in meaning pre-trial preparation.

Respectfully submitted,

NAPOLI BERN RIPKA SHKOLNIK LLP

  /s/ Colleen Miller
Colleen M. Miller, Admitted Pro Hac Vice
350 Fifth Avenue
New York, New York, 10018
CMiller@NapoliBern.com

CERTIFICATE OF SERVICE

      I hereby certify that on April 11, 2014 a copy of the foregoing was served upon all counsel via the court's ECF system.

/s/ Colleen M. Miller