IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICHARD SPELLS, JR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-129-DGW-SCW |
| | ) | |
| AIR & LIQUID SYSTEMS CORPORATION, | ) | |
| AMPCO-PITTSBURGH CORPORATION, | ) | |
| BW/IP INTERNATIONAL, | ) | |
| CARRIER CORPORATION, | ) | |
| CBS CORPORATION, | ) | |
| CRANE CO., | ) | |
| FLOWSERVE CORPORATION, | ) | |
| FMC CORPORATION, | ) | |
| FOSTER WHEELER ENERGY CORPORATION, | ) | |
| GARDNER DENVER, INC., | ) | |
| GENERAL DYNAMICS CORPORATION, | ) | |
| GENERAL ELECTRIC COMPANY, | ) | |
| HONEYWELL INTERNATIONAL, INC., | ) | |
| IMO INDUSTRIES, INC., | ) | |
| INGERSOLL-RAND COMPANY, | ) | |
| JOHN CRANE, INC., | ) | |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) | |
| NASH ENGINEERING CO., | ) | |
| NORTHROP-GRUMMAN CORPORATION, | ) | |
| TUTHILL CORPORATION, | ) | |
| UNION CARBIDE CORPORATION, | ) | |
| WARREN PUMPS, LLC, | ) | |
| **AFLA LAVAL, INC.,** | ) | |
| **ARMSTRONG INTERNATIONAL, INC.,** | ) | |
| **ASBESTOS CORPORATION LTD.,** | ) | |
| **ASCO VALVES, INC.,** | ) | |
| **AURORA PUMP COMPANY,** | ) | |
| **CLEAVER-BROOKS INC.,** | ) | |
| **ENPRO INDUSTRIES, INC.** | ) | |
| **FOSTER ENGINEERING, INC.** | ) | |
| **GEORGIA PACIFIC, LLC,** | ) | |
| **HOPEMAN BROTHERS, INC.,** | ) | |
| **MCCORMICK INSULATION SUPPLY, INC.,** | ) | |
| **RSCC WIRE & CABLE LLC,** | ) | |

```
SEARS ROEBUCK AND CO.,            )
TRANE US, INC.,                   )
VELAN VALVE CORP., and            )
WEIR VALVES & CONTROLS USA,       )
 INC.,                            )
                                  )
      Defendants.                 )
```

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motions for Summary Judgment filed by Defendants:

Northrop-Grumman Corporation (Docs. 276, 277)
BW/IP International (Doc. 278)
Foster Wheeler Energy Corporation (Doc. 279)
Gardner Denver, Inc. (Doc. 280)
Air & Liquid Systems Corporation (Doc. 282)
Carrier Corporation (Doc. 283)
Imo Industries, Inc. (Doc. 285)
John Crane, Inc. (Doc. 286)
General Dynamics Corporation (Doc. 287)
Tuthill Corporation (Doc. 289)
Union Carbide Corporation (Doc. 290)
Ingersoll-Rand Company (Doc. 292)
General Electric Company (Doc. 293)
Crane Co. (Doc. 295)
Honeywell International, Inc. (Doc. 296)[1]
FMC Corporation (Doc. 297).

No party has responded to these Motions for Summary Judgment.

Plaintiff has also filed stipulations of dismissal as to Defendants:

Air & Liquid Systems Corporation (Docs. 355, 356)
BW/IP, Inc. (Doc. 357)
Carrier Corporation (Doc. 358)
Crane Co. (Doc. 359)
FMC Corporation (Doc. 360)

---

[1] Honeywell International Inc. also has filed a Motion for Ruling on their Motion for Summary Judgment on April 1, 2014 (Doc. 328).  The Motion is **MOOT**.

**DISCUSSION**

**Unopposed Summary Judgment Motions**

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

Defendants' arguments are essentially identical: there is no evidence that Plaintiff's asbestos exposure was related to any of their products. Defendants state that the sole fact witness in this case, Charles Giovantti (Plaintiff's coworker during the relevant time period), did not testify that Plaintiff was exposed to any of Defendants' products. Thus, there is no

connection between Defendants' products and Plaintiff's injuries/damages. In light of the lack of evidence, an essential element of causation has not been established. *Thacker v. UNR Industries, Inc.*, 603 N.E.2d 449, 455 (Ill. 1992) ("A necessary element of proof in the present case is that the defendant's asbestos was a 'cause' of the decedent's injuries."). Plaintiff has not responded to these motions and is thereby admitting to the merits of the motions. *See* Local Rule 7.1(c). Accordingly, summary judgment is **GRANTED** in favor of the following Defendants and against Plaintiff:

Northrop-Grumman Corporation (Docs. 276, 277)
BW/IP International (Doc. 278)
Foster Wheeler Energy Corporation (Doc. 279)
Gardner Denver, Inc. (Doc. 280)
Air & Liquid Systems Corporation (Doc. 282)
Carrier Corporation (Doc. 283)
Imo Industries, Inc. (Doc. 285)
John Crane, Inc. (Doc. 286)
General Dynamics Corporation (Doc. 287)
Tuthill Corporation (Doc. 289)
Union Carbide Corporation (Doc. 290)
Ingersoll-Rand Company (Doc. 292)
General Electric Company (Doc. 293)
Crane Co. (Doc. 295)
Honeywell International, Inc. (Doc. 296)
FMC Corporation (Doc. 297).

In light of this ruling, Plaintiff's stipulations of dismissal are **MOOT**.

**Remaining Defendants**

The remaining Defendants who have been served include

AMPCO- Pittsburgh Corporation
CBS Corporation
Flowserve Corporation
Metropolitan Life Insurance Company
Nash Engineering Co., (which has filed a Motion for Summary Judgment (Doc. 281))
Warren Pumps, LLC. (which has filed a Motion for Summary Judgment (Doc. 284))

The remaining Defendants who have not been served or who have not filed an answer include:

AFLA Laval, Inc.
Armstrong International, Inc.
Asbestos Corporation LTD.
ASCO Valves, Inc.
Aurora Pump Company
Cleaver-Brooks, Inc.
Enpro Industries, Inc.
Foster Engineering, Inc.
Georgia Pacific, LLC
Hopeman Brothers, Inc.
McCormick Insulation Supply, Inc.
RSCC Wire & Cable LLC
Sears Roebuck and Co.
Trane US, Inc.
Velan Valve Corp.
Weir Valves & Co

On April 4, 2014 (Doc. 332), this Court directed Plaintiff to indicate why these Defendants should not be dismissed for lack of service of process within the time provided by Federal Rule of Civil Procedure 4(m).[2]  In response, Plaintiff states that these Defendants were added to this suit by operation of an Amended Complaint filed on May 22, 2013 (Doc. 73).  Plaintiff believes that he e-mailed summons to the clerk of Court when he submitted his Amended Complaint for review.  Plaintiff then indicates that "believing that service had been made," he served discovery on the new Defendants on December 19, 2013.  He thereafter discovered that they had not, in fact, been served.  It should be noted that at a hearing held on April 2, 2014, Plaintiff's counsel indicated that an error in her office resulted in a failure to serve Defendants.  Plaintiff goes on to argue that he should be allowed to serve these Defendants and proceed on his claims against them because, while he would be prejudiced if service is not allowed, the current Defendants in this suit would not be prejudiced.  Plaintiff notes that the statute of limitations has expired on his claims; therefore, if this Court were to dismiss these

---

[2] At the time, the Court indicated that there were 15 unserved Defendants; there now appear to be 16 unserved Defendants.

Defendants, the dismissal would in effect be with prejudice.

It appears that service of the 16 Defendants identified above was not made because of some neglect on the part of Plaintiff. However, allowing Plaintiff to proceed on his claims against the additional Defendants should not prejudice the current Defendants. Plaintiff has stipulated in his notice (Doc. 341) that "Plaintiff will not seek new discovery as to the five remaining defendants. Plaintiff will not present any new witnesses that the original five defendants have not already had a chance to depose." The Court also notes that Plaintiff has been otherwise diligent in litigating this matter and that these 16 Defendants have received some notice of this suit through service of discovery requests. Accordingly Plaintiff is **GRANTED** leave to serve the above Defendants within 15 days of the date of this Order.

Plaintiff also has notified the Court (Doc. 342) that he believes that the Defendants who have been served and who remain in this matter are: Nash Engineering, Warren Pumps, CBS Corporation, Circor International, and Flowserve Corporation. The docket in this matter reveals, however, that Circor International was dismissed on July 25, 2013 (Doc. 151) pursuant to a stipulation filed on July 17, 2013 (Doc. 125). In addition, AMPCO – Pittsburgh Corporation has not been dismissed from this suit. Therefore, as noted above, the following Defendants (who have been served), remain in this suit:

AMPCO- Pittsburgh Corporation
CBS Corporation
Flowserve Corporation
Metropolitan Life Insurance Company
Nash Engineering Co., (which has filed a Motion for Summary Judgment (Doc. 281))
Warren Pumps, LLC. (which has filed a Motion for Summary Judgment (Doc. 284))

If Plaintiff seeks dismissal of AMPCO – Pittsburgh Corporation (and Metropolitan Life Insurance Company – which he indicates he has settled with), he shall file an appropriate **Motion to Dismiss** (and not merely a stipulation).

Finally, to the extent that any Defendant has been dismissed from this suit by Plaintiff or otherwise, any counter- or cross-claim made by or against that party also shall be dismissed. To avoid this automatic dismissal of a counter or cross claim, the counter- or cross-claimant should file an objection to a motion to dismiss the relevant Defendant. Accordingly, Defendant Hardie-Tynes Co., Inc. Motion to Dismiss Crossclaims is **GRANTED** (Doc. 346).

This matter is set for an in person conference on **October 16, 2014 at 3:00 p.m.** The parties should be prepared to discuss the schedule in this matter including the timeline for any additional discovery, additional dispositive motions, and a trial date. All parties who have appeared in this action are expected to appear.

## CONCLUSION

For the foregoing reasons, the Motions for Summary Judgment (Docs. 277, 278, 279, 280, 282, 283, 285, 286, 287, 289, 290, 292, 293, 295, 296, and 297) are **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment against Plaintiff and for the following Defendants at the conclusion of this lawsuit:

Northrop-Grumman Corporation (Docs. 276, 277)
BW/IP International (Doc. 278)
Foster Wheeler Energy Corporation (Doc. 279)
Gardner Denver, Inc. (Doc. 280)
Air & Liquid Systems Corporation (Doc. 282)
Carrier Corporation (Doc. 283)
Imo Industries, Inc. (Doc. 285)
John Crane, Inc. (Doc. 286)
General Dynamics Corporation (Doc. 287)
Tuthill Corporation (Doc. 289)
Union Carbide Corporation (Doc. 290)
Ingersoll-Rand Company (Doc. 292)
General Electric Company (Doc. 293)
Crane Co. (Doc. 295)
Honeywell International, Inc. (Doc. 296)
FMC Corporation (Doc. 297).

The Motion for Summary Judgment filed Northrop-Grumman Corporation (Doc. 276) is **MOOT**. The Motion for Ruling filed by Honeywell International, Inc. (Doc. 328) is **MOOT**.

The Motion to Dismiss filed by Hardi-Tynes Co., Inc. (Doc. 346) is **GRANTED**.

To the extent that any Defendant has been dismissed from this suit (or for whom judgment will be entered as set forth above), any counter- or cross-claims by or against that Defendant also are **DISMISSED.**

This matter is set for an in-person conference as noted above.

**IT IS SO ORDERED.**

**DATED: August 19, 2014**

                                         **DONALD G. WILKERSON**
                                         **United States Magistrate Judge**