IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD SPELLS, JR., Individually and as Administrator of the Estate of Richard Spells,<br><br>            Plaintiff,<br><br>    vs.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>            Defendant. | Case No. 13-cv-129-SMY-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Warren Pumps, LLC's ("Warren Pumps") Motion for Summary Judgment (Doc. 284) and Motion to Strike Exhibits B through K of Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 314).  For the following reasons, Defendant's motions are **DENIED.**

According to Plaintiff's Amended Complaint, Mr. Spells developed lung cancer as a result of inhaling, ingesting and otherwise absorbing asbestos fibers which were released from equipment in the engine rooms of several ships during his naval service in the 1960s, including equipment manufactured by Warren Pumps.  Warren Pumps brings its Motion for Summary Judgment only on the issue of Mr. Spells' actual exposure to asbestos associated with Warren Pumps products, asserting a lack of evidence to substantiate a claim of exposure.  Warren Pumps attached to its motion a deposition from another shipmate, Charles Giovannitti, who claimed no familiarity with Mr. Spells on the *U.S.S. Pratt*.  Plaintiff responded with several exhibits that show Mr. Spells' position in the engine rooms on three naval ships and the use of Warren Pumps equipment in said engine rooms.

**Motion to Strike**

Defendant filed a Motion to Strike Exhibits B through K of Plaintiff's Response to Defendant's Motion for Summary Judgment on the bases that the exhibits would be inadmissible as hearsay, are not authenticated and should therefore not be considered by this Court.

Plaintiff attached to his opposition to Defendant's motion to strike, the affidavit of Richard J. Horan who owns Concord Research & Consulting Group, LLC, a government document research and retrieval service located in Portsmouth, New Hampshire. According to the affidavit, the military records attached as Plaintiff's Exhibits B-K were housed in a government repository open only to researchers with approved credentials and must be copied according to government regulations. Horan has declared the documents to be exact duplicates of records created by the U.S. Navy. As such, the Court finds the records to be sufficiently authenticated.

Plaintiff submitted as Exhibit B two "Performance Evaluation" reports of Mr. Spells for a period ranging from June 1968 to June 1969. The reports are signed by U.S. Navy Executive Officer J.E. Quinn and show Mr. Spells was in charge of the #2 Engine room on the *U.S.S. Pratt* during this period. Submitted as Exhibit C is a memo from the *U.S.S. Midway* Commanding Officer to the Engineering Officer, dated October 1960 and signed by C.B Darrow, that gives Mr. Spells access to classified and confidential matters, thus tending to show Mr. Spells' presence aboard the ship. Exhibit D is a discharge report that releases Mr. Spells from his two-year term of service beginning in January 1965 on the *U.S.S. Fiske*, for the purpose of an immediate six-year reenlistment, signed by Executive Officer R.E. Reddick, Jr. Exhibit E is a "Performance Evaluation" report for a period of time in 1966, signed by Officer Reddick, showing Mr. Spells' position in the After Engine Room and the Port on the *U.S.S. Fiske*. Exhibit

F is an unsigned but initialed line-by-line "Enlisted Performance Record" that tends to show Mr. Spells' presence on the *U.S.S. Fiske* at the end of 1966, the *U.S.S. Pratt* from 1967 until 1969, and the *U.S.S. Tattnall* from 1969 until the end of 1971.  Exhibit G consists of two "Performance Evaluation" reports dated December 1969 and June 1970, showing Mr. Spells in charge of maintenance and repair of the #2 Engine room aboard the *U.S.S. Tattnall*.  Exhibits H through K are technical specification and shipbuilding records that show the presence of equipment manufactured by Warren Pumps in the locations on the ships where Mr. Pratt worked.

Federal Rule of Evidence 803(8) provides that a record or statement of a public office is not excluded by the hearsay rule "if it sets out the office's activities or a matter observed while under a legal duty to report…" and "neither the source of information nor other circumstances indicate a lack of trustworthiness." Fed. Rule of Evid. 803(8).  Rule 803(16) provides an exception for statements in documents that are at least 20 years old and whose authenticity is established.  Fed Rule of Evid. 803(16).

The military records submitted by Plaintiff set forth activities and observations made by military personnel in an agency of the United States government who were under a duty to so report.  The records are approximately fifty years old and contain data concerning the ships and information about military personnel on the ships.   Defendant has not alleged that the source of these documents or other circumstances indicate a lack of trustworthiness.  As such, the exhibits fall within the hearsay exception for public records. Defendant's motion to strike the exhibits is therefore, **DENIED.**

## Motion for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).   In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).  A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

   Warren Pumps alleges Plaintiff has no evidence to support an allegation of exposure to asbestos fibers from Warren Pumps' products with the regularity, frequency, and proximity required to be a substantial factor to his injury and relies on Illinois substantive law to articulate the standard of proof.  According to the above-mentioned exhibits submitted by Plaintiff in opposition to Defendant's motion,  Mr. Spells was a Machinist Mate who served on several ships including the *U.S.S. Pratt*, the *U.S.S. Fiske*, the *U.S.S. Midway* and the *U.S.S. Tattnall*, in the United States Navy in the 1960s and 1970s.  Ship records in the form of technical manuals and inspection reports tend to show equipment manufactured by Warren Pumps in these ships' engine rooms.  Military reports in the form of Mr. Spells' engineering authorizations and reenlistment records show that Mr. Spells was stationed in the engine rooms of the aforementioned ships for years at a time.

Defendant does not claim that its products do not contain asbestos. Its motion simply alleges a lack of evidence that Warren Pumps were on the ships on which Mr. Spells worked and/or a lack of evidence that Mr. Spells worked around them. The Court disagrees. The evidence is sufficient to support an inference that Mr. Spells absorbed asbestos fibers from Warren equipment over a period of years. Speculation is not required. A fair-minded jury could indeed return a verdict in favor of the Plaintiff on this evidence. Defendant's Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

**DATE: April 16, 2015**　　　　　　　　　　　　　　　　　　s/   Staci M. Yandle
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　STACI M. YANDLE
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DISTRICT JUDGE